UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIBERTY INSURANCE CORPORATION, )<br>as subrogee of Bruce Lindsay and Beverly Lindsay )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>)<br>BEST BUY CO., INC. )<br>)<br>Defendant ) | C.A. NO.:4:13cv-40025-TSH |

## JOINT PRETRIAL REPORT AND DISCOVERY PLAN

Pursuant to Federal Rules of Civil Procedure 16(b), 26(f) and Local Rule 16.1(b), counsel for the parties respectfully submit the following joint pretrial report and discovery plan:

I. **PROCEEDINGS PRIOR TO CONFERENCE**

- Date of filing of Plaintiff's Complaint: February 19, 2013

- Date of filing of Defendant's Answer: April 12, 2013

- Date of Fed. R. Civ. P. 26(f) and L.R. 16.1(b) Conference: on May 16, 2013, counsel for the following parties met by telephone and conferred to discuss initial disclosures and develop the following discovery plan:

    o Kathryn C. Rivet, Esq. of the law firm Tedford & Pond, LLP, counsel for the Plaintiff Liberty Insurance Corporation;

    o Kenneth H. Naide, Esq. of the law firm Bonner Kiernan Trebach & Crociata, LLP, counsel for the Defendant Best Buy Co., Inc.

## II. TIMETABLE FOR DISCOVERY AND MOTION PRACTICE

### (1) Events & Deadlines

1. Initial Disclosures. Initial disclosures required by Fed. R. Civ. P. 26(a)(1) must be completed by May 30, 2013.

2. Amendments to Pleadings. Except for good cause shown, no motions seeking leave to add new parties or to amend the pleadings to assert new claims or defenses may be filed after July 5, 2013.

3. Fact Discovery - Interim Deadlines.
   a. All requests for production of documents and interrogatories must be served by August 1, 2013.
   b. All requests for admission must be served by August 1, 2013.
   c. All depositions, other than expert depositions, must be completed by November 27, 2013.

4. Fact Discovery - Final Deadline. All discovery, other than expert discovery, must be completed by November 27, 2013.

5. Status Conference. A status conference will be held after November 27, 2013.

6. Expert Discovery.
   a. Plaintiff's trial experts must be designated and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed by December 2, 2013.
   b. Plaintiff's trial experts must be deposed by February 24, 2014.
   c. Defendant's' trial experts must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed by February 24, 2014.
   d. Defendant's trial experts must be deposed by May 2, 2014.

7. Dispositive Motions.

   a. Dispositive motions, such as motions for summary judgment or partial summary judgment and motions for judgment on the pleadings, must be filed by <u>June 27, 2014</u>.

   b. Oppositions to dispositive motions must be filed within 20 days after service of the motion.

8. Initial Pretrial Conference. An initial pretrial conference will be held on <u>July ____, 2014</u> at _____ a.m./p.m. The parties shall prepare and submit a pretrial memorandum in accordance with Local Rule 16.5(D) five business days prior to the date of the conference, except that the parties need not include matters required by Local Rule 16.5(D)(2) or (3).

**(2) Discovery will be needed on the following subjects:**

   (a) The Plaintiff anticipates the need for discovery regarding the cause of the fire on May 16, 2011; installation of the clothes dryer; identity, education, training and experience of the person(s) who installed the clothes dryer; verbal and written installation warnings, instructions and communications provided to the person(s) who installed the clothes dryer.

   (b) the Defendant Best Buy Co., Inc. anticipates the need for discovery regarding the cause of the fire on May 16, 2011; installation of the clothes dryer; identity, education, training and experience of the person(s) who installed the clothes dryer; verbal and written installation warnings, instructions and communications provided to the person(s) who installed the clothes dryer.

**(3) Requested changes to be made in limitations on discovery imposed by the Federal Rules of Civil Procedure or by Local Rules**

   (a) The parties request permission to serve:
   forty (40) interrogatories in total;
   forty (40) requests for production in total.

   (b) The parties anticipate a total of six (6) depositions of fact witnesses will be needed.

**(4) Other Items**

- (a) The parties do not request a conference with the court before entry of the scheduling order.

- (b) Settlement is unlikely at this time and cannot be evaluated prior to <u>close of expert discovery</u>.

- (c) Final lists of witnesses and exhibits under Rule 26(a)(3) should be due <u>thirty (30) days before trial</u>.

- (d) Parties should have <u>14 days</u> after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

- (e) The case should be ready for trial by <u>July 2014</u>, and the parties anticipate the trial will take approximately <u>five to seven (5-7)</u> days.

- (f) The parties prefer not to have this matter referred to a magistrate judge or a master.

- (g) The parties do not believe discovery should be conducted in phases, other than as set forth in this document.

- (h) The parties request Inspections of Fire Artifacts to occur no later than <u>August 31, 2013</u>.

- (i) The parties request Filing of Motions to Preclude Expert Witnesses to occur no later than <u>June 27, 2014</u>.

## III. CERTIFICATION SIGNED BY COUNSEL AND BY AUTHORIZED REPRESENTATIVES OF EACH PARTY

The parties attach hereto and incorporate herein as **Exhibit A** and **Exhibit B** as certification of each party by their respective counsel that they have conferred as required by Federal Rules of Civil Procedure 16(b), 26(f) and Local Rule 16.1.

## IV. DIFFERENCES BETWEEN PARTIES ON ITEMS CONTAINED IN PROPOSED PRETRIAL SCHEDULE

After conferring, the parties were not able to reach an agreement with respect to the following items of the proposed pretrial schedule, and the nature of each of their differences is as follows:

| Item of Difference | Nature of Difference |
|---|---|
| Not applicable. | Not applicable. |

Date:   June 7, 2013

                                  Respectfully submitted,

By:   */s/ Kathryn C. Rivet*
       Kathryn C. Rivet (675340)
       Karey P. Pond (*Pro Hac Vice*)
       Tedford & Pond, LLP
       750 Main Street, Suite 1600
       Hartford, Connecticut  06103
       Telephone:   (860) 293-1200
       Facsimile:    (860) 293-0685
       Email: krivet@tedfordpond.com
              kpond@tedfordpond.com

Attorneys for the Plaintiff

## CERTIFICATE OF SERVICE

I, Kathryn C. Rivet, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 7th day of June, 2013.

Kenneth H. Naide, Esq.
Bonner Kiernan Trebach & Crociata, LLP
200 Portland Street, Suite 400
Boston, MA  02114

*T: 617-426-3900*
*F: (617) 426-0380*
*E: knaide@bonnerkiernan.com*

*/s/ Kathryn C. Rivet*
Kathryn C. Rivet (675340)