UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIBERTY INSURANCE CORPORATION, )<br>as subrogee of Bruce Lindsay and Beverly Lindsay )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>)<br>BEST BUY CO., INC. )<br>)<br>Defendant ) | C.A. NO.:4:13cv-40025-TSH<br><br>**LEAVE TO FILE GRANTED ON AUGUST 14, 2013** |

## AMENDED COMPLAINT

Pursuant to The Federal Rules of Civil Procedure, Rules 3 and 15, the Plaintiff, Liberty Insurance Corporation, by and through its attorneys, Tedford & Pond, LLP, hereby states the following for its Amended Complaint against Best Buy Stores, L.P.

On consent of the named Defendant, the Plaintiff hereby amends its Complaint to correct the Defendant's name from "Best Buy Co., Inc." to its proper name, "Best Buy Stores, L.P."

### Parties and Factual Allegations

1. At all times relevant hereto, the Plaintiff, Liberty Insurance Corporation (hereinafter, "Liberty"), was and is a corporation duly organized and existing under the laws of the State of Illinois with its principal office located at 2815 Forbs Avenue, Suite 200, Hoffman Estates, Illinois, 60192.

2. At all times relevant hereto, Defendant, Best Buy Stores, L.P. (hereinafter, "Best Buy"), was and is a Virginia Limited Partnership with its principal place of business in Minnesota, located at 7601 Penn Avenue South Richfield, Minnesota, 55423.

3.     At all times relevant hereto, Bruce Lindsay and Beverly Lindsay were insureds under a homeowners policy of insurance issued by Liberty, covering the insureds' real property, improvements and personal property located at 54 Old Elm Street, North Billerica, Massachusetts, 01862 (hereinafter, "the subject premises").

5.     At all times relevant hereto, Best Buy owned and/or operated several stores located and regularly transacting business within the Commonwealth of Massachusetts, including a store that sold a particular gas clothes dryer (hereinafter, "the subject dryer"), to the Plaintiff's insured Bruce Lindsay (hereinafter, "Mr. Lindsay"), and installed the subject dryer at the subject premises.

6.     On or about March 16, 2011, a fire occurred at the subject premises, which caused extensive damage to the home and to the insureds' personal property (hereinafter, "the subject fire").

7.     The subject dryer was connected to the subject property's gas line via a brass flexible connector.  The fire was caused by the failure of the dryer's gas line connector.

8.     Pursuant to its contractual duties under the homeowner's policy of insurance, as aforesaid, Liberty paid sums far exceeding seventy-five thousand dollars ($75,000.00) to the insureds, Bruce and Beverly Lindsay, and is subrogated to their claims against Best Buy.

## Jurisdiction and Venue

9.     This Court, the United States District Court, District of Massachusetts, has jurisdiction over this case pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the Plaintiff and its insureds and the Defendant; and the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

10. Venue in this Court is proper because the fire giving rise to the damages occurred in Massachusetts, the Best Buy store that sold the dryer is located in Massachusetts, and it sold the dryer to a Massachusetts resident.

## Count I: Negligence

11. Liberty incorporates by reference the preceding paragraphs as though set forth at length.

12. On or about April 16, 2007, Mr. Lindsay purchased new a gas dryer and gas dryer connector line from Best Buy.

13. Thereafter, Best Buy, acting by and through its agents, servants, subagents, employees and/or representatives and acting within the course and scope of their employment for which Best Buy is strictly liable, agreed to deliver and install the subject dryer in the subject premises.

14. Best Buy acting by and through its agents, servants, subagents, employees and/or representatives and acting within the course and scope of their employment failed to install the new dryer gas line that Mr. Lindsay had purchased and/or failed to install the dryer with an appropriate flexible gas connector that complies with the standard for connectors for gas appliances.

15. The dryer connector existing prior to Best Buy's installation of the dryer was a brass connector. Such brass connectors are susceptible to corrosion, breakage and cracking which pose a risk of fire or explosion. Brass connectors such as the type used at the subject property are no longer the industry-standard.

16. Installing the subject dryer, Best Buy, acting by and through its agents, servants, subagents, employees and/or representatives and acting within the course and scope of their employment, was negligent and careless in:

    a. failing to remove or replace the existing dryer gas line that Best Buy knew or reasonably should have known subjected the home to unreasonable risk of fire or explosion;

    b. failing to install the new stainless steel dryer gas line that had been purchased by Mr. Lindsay and/or install such other gas line connector compliant with the standard for connectors for gas appliances when it knew or should have known that the existing dryer connector subjected the home to an unreasonable risk of fire or explosion;

    c. failing to warn the insureds of the condition of the existing gas line connector, the risks associated with use of the existing gas line connector, and/or notify the insureds of the need for a different gas line connector, when it knew or reasonably should have known that the existing connector posed an unreasonable risk of fire or explosion;

    d. failing to utilize certified, trained, and/or qualified personnel when installing gas appliances, including the subject dryer, who would have known that the existing dryer connector posed an unreasonable and foreseeable risk of fire or explosion, when Best Buy knew or should have known that the installation of gas appliances should be performed by such certified, trained, and or qualified professionals.

17. Best Buy's breach of its duty to properly install the dryer was the direct and proximate cause of the subject fire.

18. The subject fire, which was proximately caused by Best Buy's negligence, caused the insureds to suffer damages in excess of seventy-five thousand dollars ($75,000.00); and, having paid the insureds pursuant to an insurance policy, the Plaintiff is subrogated to the rights and claims of the insureds against Best Buy.

## Prayer for Relief

WHEREFORE, the Plaintiff, Liberty Insurance Corporation, hereby demands judgment against the Defendant, Best Buy Stores, L.P. for the following:

- a. monetary damages;
- b. costs of suit;
- c. attorney's fees;
- d. such other relief as this Court deems just and appropriate.

## Jury Demand

The Plaintiff, Liberty Insurance Corporation, demands a trial by jury on all issues so triable.

Date: August 14, 2013

Respectfully submitted,

By: /s/ Kathryn C. Rivet
Kathryn C. Rivet (675340)
Tedford & Pond, LLP
750 Main Street, Suite 1600
Hartford, Connecticut  06103
Telephone:   (860) 293-1200
Facsimile:    (860) 293-0685
Email: krivet@tedfordpond.com

Attorney for the Plaintiff

**CERTIFICATE OF SERVICE**

I, Kathryn C. Rivet, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 14th day of August, 2013.

Kenneth H. Naide, Esq.
Bonner Kiernan Trebach & Crociata, LLP
200 Portland Street, Suite 400
Boston, MA  02114

T:  617-426-3900
F: (617) 426-0380
E:  knaide@bonnerkiernan.com

/s/ Kathryn C. Rivet
Kathryn C. Rivet (675340)